# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

**RISHAN WALKER,**
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.  No._____

**AEROTEK, INC.** and **ALLEGIS GROUP, INC.,**

Defendants.

**FLSA Collective Action**

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Rishan Walker ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendants Aerotek, Inc. and Allegis Group, Inc. (collectively, Defendants) on behalf of all current and former hourly-paid employees who worked at the Volkswagen manufacturing facilities in Chattanooga, Tennessee during the past three (3) years. Plaintiff and the putative class seek damages for unpaid "off the clock" and "edited-out/shaved" straight time and overtime compensation. The "off the clock" and "edited-out/shaved" wage claims of Plaintiff and those similarly situated are unified by common

1

theories of FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendants to perform work in this District, and Defendants have, and continue to, conduct business within this District at all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant Aerotek, Inc., is a subsidiary of Allegis Group, Inc. and is a Maryland Corporation with its principal offices located at 7301 Parkway Drive, Hanover, Maryland. It has been an "employer" of Plaintiff and those similarly situated (through an integrated enterprise) as such term is defined in the FLSA 29 U.S.C. § 203(d) and 29 U.S.C. § 203(r) at all times material to this action. Aerotek, Inc., may be served with process via its Registered Agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

5. Defendant Allegis Group, Inc., is the parent company of Aerotek, Inc., and is a Maryland Corporation with its principal offices located at 7301 Parkway Drive, Hanover, Maryland. It has been an "employer" of Plaintiff and others similarly situated as such term is defined in the 29 U.S.C. § 203(d) and 29 U.S.C. § 203(r) at

2

all times material to this action. Allegis Group, Inc. may be served with process via its Registered Agent: CSC-Lawyers Incorporating Service, 7 St. Paul Street (Suite 820), Baltimore, Maryland 21202.

6. Defendants constitute an integrated enterprise because their pay practices relating to Plaintiff and those similarly situated were established, administered and operated through a common control for a common purpose, as noted on the Allegis Group website: "We are a network of specialized companies … unified by a common purpose to create opportunities for people, day-by-day, to shape our world." Allegis Group, https://www.allegisgroup.com/en/about.

7. Plaintiff Rishan Walker has been a resident of Chattanooga, Tennessee and worked as an hourly-paid, non-exempt employee while employed by Defendants within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Walker's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

8. Defendants provide staffing personnel to businesses and institutions throughout the world, including staffing personnel for the Volkswagen manufacturing facilities in Chattanooga, Tennessee.

9. Plaintiff Rishan Walker was employed by and worked for Defendants as an hourly-paid, non-exempt employee within this district during the three (3) year period preceding the filing of this action.

10. Defendants have been the "employer" of Plaintiff and class members within the

3

meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

11. At all times material to this action, Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

12. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

13. Defendants have had a timekeeping system that hourly-paid employees were required to sign-in and sign-out on paper documents for the purpose of recording their compensable time during all times material to this action. Defendants did not utilize a centralized electronic timekeeping system that is prevalent with many other employers in the same field.

14. Defendants' timekeeping policy and practice required Plaintiff and those similarly situated to write down their compensable time only at the scheduled beginning time of their shifts, irrespective of compensable time in which they were engaged prior to the beginning of their assigned shifts, as specified hereinafter.

15. Defendants' timekeeping policy and practice prohibited Plaintiff and those similarly situated from recording into Defendants timekeeping system any compensable work time performed prior to the scheduled beginning time of their

4

assigned shifts. Neither did Defendants' timekeeping policy and practice provide any means or vehicle, such as a log book, in which to record any compensable work time performed prior to the beginning time of their respective shifts.

16. Defendants' timekeeping policy and practice also required Plaintiff and those similarly situated to write in only their scheduled end of shift time (including any overtime), irrespective of compensable work they performed after the ending time of their assigned shifts.

17. Defendants' timekeeping policy and practice likewise prohibited Plaintiff and those similarly situated from recording into Defendants' timekeeping system any compensable time spent after the scheduled ending time of their assigned shifts (including any overtime). Defendants' timekeeping policy and practice did not provide any means or vehicle, such as a log book, in which to record any compensable time spent after the ending time of their respective shifts.

18. Plaintiff and other similarly situated hourly-paid employees have been subject to Defendants' aforementioned timekeeping and payroll plans, policies, and practice during all times relevant to this action.

19. Defendants have had a common policy, plan, and practice of requiring inducing, expecting and, suffering and permitting, Plaintiff and similarly situated hourly-paid employees to work "off the clock" before the beginning of, during, and after their assigned shifts for which they were not paid straight and overtime pay within weekly pay periods during all times material to this action, including, *inter alia*:

    (a) Time spent from the start of donning integral, indispensable and required

5

personal protective equipment (PPE) and items (specifically, protective sleeves and eye protection) until the beginning of their assigned shifts, without being compensated for such time as required by the FLSA;

(b) Time spent in a required exercise routine (during which they were required to wear integral, indispensable and required PPE items) performed prior to the beginning of every assigned shift for eight (8) to ten (10) minutes in length , without being compensated for such time as required by the FLSA[1];

(c) Time spent performing work during daily unpaid meal breaks, specifically being required to continue manufacturing jobs after the start of scheduled lunch periods, without being compensated for such time as required by the FLSA;

(d) Time spent from the end of their assigned shifts until doffing all integral, indispensable and required PPE items, without being compensated for such time as required by the FLSA.

(e) Upon information and belief, time spent working in excess of forty (40) hours within weekly pay periods during all times material was either not recorded into Defendant's timekeeping system or effectively "edited-out/shaved" from their timekeeping system, and Plaintiff was not compensated for such time as required by the FLSA.

---

[1] Upon information and belief, Defendants' have changed their company policy to allow hourly-paid employees to now clock-in for these required exercise routines prior to beginning work on their shifts.

20. Defendants also have had a timekeeping policy and practice of "editing-out/shaving" a 45 minute meal break from the compensable pay of Plaintiff and those similarly situated for each of their daily assigned shifts. Plaintiff and those similarly situated only had approximately 25 minutes (of an allotted 45-minute) in which to freely enjoy an authentic meal break; the other 20 minutes were spent walking from their work station to the company cafeteria (in which food and drink items were available, and where refrigeration was located to store their food and drink items) and then walking from the company cafeteria back to their work station, consisting of approximately 10 minutes each way.

21. The aforementioned unpaid "off the clock" and "edited-out/shaved" claims of Plaintiff and those similarly are unified by common theories of Defendants' FLSA violations.

22. Plaintiff and those similarly situated typically worked forty (40) hours per week, and also hours in excess of forty (40) hours per week at times (without counting their aforementioned "off the clock" and "edited-out/shaved" compensable time), within weekly pay periods during all times material to this action.

23. Plaintiff and others similarly situated engaged in the aforementioned "off the clock" and "edited-out/shaved" time for Defendants in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA straight and overtime rates of pay.

24. Defendants failed to accurately record all work hours performed by Plaintiff and

7

those similarly situated as required by 29 C.F.R. §516.2(a)(7).

25. By their failure to accurately record all hours worked and to pay Plaintiff and those similarly situated for all compensable work time, Defendants willfully failed to compensate them for all such time at the applicable straight time and overtime rates of pay, as required by the FLSA.

26. Defendants knew and were aware at all times relevant they were not recording and compensating Plaintiff and those similarly situated for all of their compensable time without a good faith basis for that failure.

27. Defendants' common policies and practices of not compensating Plaintiff and those similarly situated for all compensable time at the applicable FLSA straight and overtime rates of pay have violated 29 U.S.C. § 207(a)(1).

28. As a result of Defendants' bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the FLSA, Plaintiff and those similarly situated have suffered lost wages in terms of lost straight time and overtime compensation, as well as other damages.

29. The net effect of Defendants' common plan, policy, and practice of working Plaintiff and those similarly situated "off the clock" as well as "editing-out/shaving" compensable work time from their timekeeping system is that Defendants have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf herself and other similarly

8

situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight time wages and unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. The proposed collective class of similarly situated persons is defined as:

   All current and former hourly-paid individuals employed by Defendants who have performed work "off the clock" without pay and/or who have had compensable time "edited-out/shaved" from their pay, occurring anywhere in the United States within the three (3) years preceding the filing of this action ("Class Members").[2]

32. Plaintiff seeks to pursue her unpaid "off the clock" and "edited-out/shaved" straight and overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid employees.

33. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

34. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' pay and compensation policies and practices. Plaintiff and the members of the class were subjected to Defendants' policy and practice of being required, induced, expected, and/or suffered and permitted, to work "off the

---

[2] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

9

Case 1:19-cv-00178-TRM-CHS   Document 1   Filed 06/14/19   Page 9 of 15   PageID #: 9

clock" and having some of their compensable time "edited-out/shaved" from Defendants' timekeeping system.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

36. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned "off the clock" and "edited-out/shaved" claims, as previously described.

37. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

38. Defendants required, induced, expected, and/or suffered and permitted, Plaintiff and class members to work "off the clock" and be subjected to their time "editing-out/shaving" policy and practice related to meal breaks within weekly pay periods at all times relevant.

39. Defendants knew Plaintiff and class members performed work and engaged in matters that required additional straight time and overtime compensation to be paid. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and class members of such FLSA required straight time and

10

overtime compensation.

40. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and class members.

41. Defendants' conduct was not in good faith by their failure to compensate Plaintiff and class members for all their compensable time at the FLSA applicable straight time and overtime compensation rates of pay during weekly pay periods during all times material to this action.

42. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for the aforementioned "off the clock" and "edited-out/shaved" claims.

43. Plaintiff requests this Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

44. Plaintiff estimates there are several hundred members in the collective class. The precise number of class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' work sites.

45. Plaintiff and class members' unpaid straight and overtime compensation claims

may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

46. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

47. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

48. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and each of the class members consistent with the terms of the FLSA.

50. At all relevant times, Defendants were "employers" under the FLSA.

51. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's straight wage and overtime wage requirements.

52. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

53. As a result of Defendants' common policy and practice of working Plaintiff and class members "off the clock" and "editing-out/shaving" their compensable time (as previously described), Plaintiff and class members were not paid all their straight time and overtime compensation, as required by the FLSA.

54. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Through their actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours worked and their "editing-out/shaving" compensable time.

56. The foregoing actions of Defendants violated the FLSA.

57. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

58. Defendants' actions were not in good faith.

59. The "off the clock" and "editing-out/shaving" claims of Plaintiff and the class are unified by common theories of FLSA violations.

60. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

61. Therefore, Defendants are liable to Plaintiff and the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and similarly situated employees all unpaid straight time and overtime compensation against Defendants;

c) Award Plaintiff and similarly situated employees for an amount equal to their unpaid straight time and overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 14, 2019            Respectfully Submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathan A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY*
*SITUATED*